HASSHIEM C. ANDREWS,

        *Petitioner,*

  - against -          MEMORANDUM
              AND ORDER

DOWNSTATE CORRECTIONAL FACILITY,  09-CV-1555 (JG)

        *Respondent*.
--------------------------------------------------------------- X

A P P E A R A N C E S :

  HAASHIEM C. ANDREWS
    #09-A-1252
    Fishkill Correctional Facility
    P.O. Box 1245
    Beacon, New York 12508
    Petitioner, *pro se*

  MICHAEL A. CARDOZO
    Corporation Counsel of the City of New York
    100 Church Street
    New York, New York 10007
  By: Andrew J. Rauchberg
    Attorney for Respondent

JOHN GLEESON, United States District Judge:

    Haashiem C. Andrews, a prisoner incarcerated in the Fishkill Correctional Facility pursuant to a judgment of the New York Supreme Court, Kings County, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Andrews challenges his conviction and sentence following his plea of guilty in 2009 to a violation of his probation. Appearing *pro se*, Andrews seeks habeas relief on the grounds discussed below. Oral argument was held on October 23, 2009, at which Andrews appeared by teleconference from the facility in which he is serving his

sentence. For the reasons set forth below, I dismiss Andrews's petition without prejudice as premature.

## BACKGROUND

A. *The Offense Conduct*

On February 11, 1993, Andrews plead guilty to robbery in the third degree, a class D felony, in Kings County Supreme Court. He was sentenced to a six-month term of imprisonment and a five-year term of probation as a youthful offender. On June 4, 1994, following several probation violations, the Kings County Supreme Court issued a declaration of delinquency as to Andrews. Subsequently, a violation of probation warrant was issued. Andrews could not be found by the New York authorities for approximately 14 years, during which he was incarcerated for some time in Pennsylvania.

Specifically, Andrews was incarcerated on and off throughout 1994 in Pennsylvania. Thereafter, Andrews was incarcerated in Pennsylvania from September 23, 1996 until August 13, 2008. On November 9, 2008, Andrews was arrested in Poughkeepsie, New York and returned to Kings County on the outstanding violation of probation warrant on November 10, 2008. On February 25, 2009, Andrews plead guilty to violating the terms of his probation in exchange for a sentence of one to three years.

B. *The Procedural History*

Andrews did not appeal his sentence to the New York State Appellate Division or the Court of Appeals. Instead, he filed the instant petition in this court on April 13, 2009.

DISCUSSION

A.  *The Standard of Review*

   1.  *Exhaustion and Procedural Default*

28 U.S.C. § 2254(b) prevents a federal court from granting a petition for a writ of habeas corpus unless the petitioner has first exhausted all available state judicial remedies. In order to have exhausted those remedies, a petitioner must have "fairly presented" his federal constitutional claims to the highest state court by apprising it of "both the factual and the legal premises of the claim he asserts in federal court." *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*).

The statute prohibits the grant of a petition on a ground that has not been exhausted. *See* 28 U.S.C. § 2254(b)(1)(A). Such claims may be denied on the merits, *see* 28 U.S.C. § 2254(b)(2), or dismissed. A third option, the so-called "stay and abeyance" procedure created by *Zarvela v. Artuz,* 254 F.3d 374, 380-82 (2d Cir. 2001), and endorsed (with some modifications) by *Rhines v. Weber,* 544 U.S. 269, 277-78 (2005), is available in circumstances not present here.[1]

An unexhausted claim that can no longer be exhausted is deemed procedurally defaulted. *See Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2000) ("[W]hen 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted.") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

---

[1] The "stay and abeyance" procedure is designed for "mixed" petitions, *i.e.*, petitions that include both exhausted and unexhausted claims. Andrews has exhausted nothing. Moreover, even if he had, *Rhines* limits the stay and abeyance to, *inter alia,* situations in which there is good cause for the failure to exhaust. 544 U.S. at 277. No good cause exists here.

3

A claim that has been procedurally defaulted in state court generally cannot be reviewed on the merits by a federal habeas court. *See Harris v. Reed*, 489 U.S. 255, 260-62 (1989) (explaining rationale for habeas corpus procedural default rule); *see also Coleman*, 501 U.S. at 750 (noting a state's interest in "channeling the resolution of claims to the most appropriate forum, in finality, and in having an opportunity to correct its own errors"). However, there are two circumstances in which a federal claim that has been procedurally defaulted -- or deemed procedurally defaulted due to the exhaustion requirement -- will nonetheless be reviewable on a federal petition for habeas corpus.

First, a petitioner is entitled to review of a procedurally defaulted claim if he can show "cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750; *Teague v. Lane*, 489 U.S. 288, 298 (1989). A petitioner may establish cause by showing "that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials . . . made compliance impracticable." *Coleman*, 501 U.S. at 753 (internal quotation marks omitted) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must demonstrate that the alleged error worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003) (internal quotation marks omitted).

Second, if the petitioner is unable to show cause and prejudice, his procedural default may nonetheless be excused if he can show that a fundamental miscarriage of justice would result from a failure to hear the claim on the merits, *i.e.*, "that he is actually innocent of the crime for which he has been convicted." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). This ground for excusing procedural

default should be applied only in "extraordinary" cases, as courts deem substantial claims of actual innocence "extremely rare." *Schlup*, 513 U.S. at 321-22.[2]

B.  *Andrews's Claims are Unexhausted*

    1.  *Andrews's Ineffective Assistance of Trial Counsel Claim*

Construed liberally, Andrews's petition claims that his trial counsel was constitutionally ineffective in that counsel (a) failed to argue, prior to Andrews's sentencing, that the State did not exercise due diligence in executing his arrest warrant; and (b) failed to give Andrews notice of his right to appeal. Those claims are unexhausted because Andrews did not raise them on his direct appeal, but Andrews still has potential remedies available to him in state court, and thus, the claim has not been defaulted.

Since the pre-conviction record often does not provide the evidence necessary to substantiate claims of ineffective assistance of counsel, New York courts have held that such claims "are more appropriate for collateral or post-conviction attack, which can develop the necessary evidentiary record." *Sweet v. Bennett*, 353 F.3d 135, 139 (2d Cir. 2003). "[I]n the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10." *People v. Brown,* 45 N.Y.2d 852, 853-54 (1978). Further, a claim alleging trial counsel gave the defendant "faulty legal advice … appears to be one preeminently necessitating CPL article 440 review." *People v. Harris,* 491 N.Y.S.2d 678, 687 (2d Dep't 1985). As review pursuant to § 440.10 is available "[a]t any time after the entry of judgment," Andrews's ineffective assistance claims, though unexhausted, are not

---

[2]  A procedural bar actually relied on by a state court to dispose of a claim may be found inadequate to prevent federal review on rare occasions where the state court applies the procedural bar in an "exorbitant" manner. *Lee v. Kemna*, 534 U.S. 362, 376 (2002); *see also Cotto v. Herbert*, 331 F.3d 217 (2d Cir. 2003). This doctrine has no apparent application in a case in which an unexhausted claim is deemed procedurally defaulted, as that is a case in which by definition no state court has applied a procedural bar in any manner.

procedurally barred in state court. Accordingly, to the extent Andrews claims he was provided ineffective assistance of trial counsel, his claims are unexhausted in state court and any review of his claims at this time would be premature.

    2.    *Andrews's Claims Regarding the Lack of Due Diligence in the Execution of the Arrest Warrant*

Andrews argues that the State of New York failed to use due diligence in executing the 1994 arrest warrant for him while he was incarcerated in Pennsylvania, *see People v. Sigismundi*, 89 N.Y.2d 587 (1997), and, accordingly, he is in custody in violation of the Constitution or laws of the United States. Since Andrews failed to raise this claim on direct appeal, this claim is unexhausted as well. However, it has been procedurally defaulted in the state court because "the court to which [he] would be required to present his claim[] in order to meet the exhaustion requirement would now find [it] procedurally barred." *Coleman,* 501 U.S. at 735 n.1. Specifically, the state court would be required to deny any § 440 motion to vacate the judgment against him on this ground because

> [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period.

N.Y. Crim. Proc. Law § 440.10(2)(c). Although able to do so, Andrews did not file a notice of appeal during the requisite thirty-day period and, as a result, a state court would deem his claim procedurally defaulted. *See People v. Crooks,* 67 N.Y.2d 100, 104 (1986) (dismissal of motion required as defendant did not preserve by failing to perfect appeal). I cannot review a claim that has been procedurally defaulted in state court absent a showing of cause and prejudice or that a fundamental miscarriage of justice would result from my failure to hear the claim on its merits. Andrews has not asserted that any miscarriage of justice would befall him by the denial of his

petition. He does argue that he failed to appeal his conviction because he was ignorant of his right to appeal. However, the Second Circuit has clearly held that "[i]gnorance or inadvertence will not constitute 'cause.'" *Washington v. James,* 996 F.2d 1442, 1447 (2d Cir. 1993).

Andrews also alleges that his trial counsel's failure to inform him of how to proceed on appeal was the cause for his default. Pet. at 6. At oral argument he added the allegation that counsel told him he would bring an appeal, yet failed to do so. Cause for a procedural default may be established by the ineffective assistance of counsel, if such ineffective assistance was "so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). However, the Supreme Court has held that:

> The principle of comity that underlies our longstanding exhaustion doctrine would be ill served by a rule that allowed a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, and that holds true whether an ineffective assistance claim is asserted as cause for procedural default or denominated as independent ground for habeas relief.

*Murray,* 477 U.S. at 489 (citations and internal quotation marks omitted); *see also Edwards,* 529 U.S. at 451-52. Accordingly, Andrews must first exhaust any ineffective assistance claim in state court before I can determine whether the alleged ineffective assistance constitutes cause for his procedural default.

CONCLUSION

For the foregoing reasons, Andrews's challenge to the delay in executing the 1994 warrant is denied as procedurally defaulted. His ineffective assistance claims are dismissed on exhaustion grounds. If he exhausts those claims in state courts, he may refile his petition for habeas relief in this court.

Andrews should be mindful of the fact that there is a one-year statute of limitations in habeas law. The one-year period began to run when his conviction became "final"

7

within the meaning of 28 U.S.C. § 2244(d)(1)(A).  In this case, where no appeal was filed in state court, that occurred thirty days after Andrews's sentence was imposed, as that was the period of time within which he could have sought an appeal.  *Bethea v. Girdich,* 293 F.3d 577, 578 (2d Cir. 2000)(*per curiam*).

Although the one-year period is tolled (that is, the clock stops ticking) during the pendency of any attack on Andrews's conviction in *state* court, 28 U.S.C. § 2244 (d)(2), federal court proceedings, including this one, do not toll the limitations period.  *Duncan v. Walker,* 533 U.S. 167, 181-82 (2001).  Thus, 214 days of Andrew's one-year period have already gone by.

Thus, if Andrews wishes to preserve his unexhausted claims in state court, he should do so quickly, mindful of the fact that his statute of limitations clock is running.  Once he files a § 440 motion in state court, the clock will stop, but it will resume again when the state's highest court rules on the motion.  If Andrews intends to file another petition at that time, he should do so before the 365 days lapse.

As there is no substantial showing that Andrews was denied a constitutional right, no certificate of appealability should issue.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
October 27, 2009